UNION ELECTRIC COMPANY, Plaintiff-Appellee, *v.* JOHN J. PANEPINTO, Defendant-Appellant.

(No. 71-213; )

Fifth District—January 11, 1973.

*Rehearing denied February 28, 1973.*

JONES, J., dissenting.

Robert F. Kaucher, of Meyer & Meyer, of Belleville, for appellant.

Thomas W. Alvey, Jr., of Pope and Driemeyer, of East St. Louis, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from a judgment in the Circuit Court of St. Clair County entered against him in the amount of $2225 after a jury trial.

The plaintiff filed suit alleging that it had installed electric service in the defendant's premises on May 7, 1959 and that for a period of 89 months thereafter, it furnished electricity to the defendant without payment. Plaintiff claimed the amount of $3797.15 as the reasonable value for its service.

The defendant admitted receiving the services, admitted that he did not pay for them, but denied he was indebted to the plaintiff in the amount claimed by the plaintiff.

We find that no error of law appears, that an opinion would have no precedential value and that the judgment is not against the manifest weight of the evidence.

We therefore affirm the judgment of the trial court in accordance with Supreme Court Rule 23. 50 Ill.2d R. 23.

Judgment affirmed.

CREBS, J., concurs.

Mr. JUSTICE JONES dissenting:

I must respectfully dissent from the conclusion reached by the majority for the reason that I find there is a total absence of competent evidence upon which to base the verdict and judgment being reviewed.

Briefly stated the facts are that the defendant was the owner of a business building in East St. Louis which was receiving electrical service from plaintiff prior to August 1959. About this time an addition to the building was constructed for two new tenants. As part of the lease agreement between defendant and the new tenants the defendant was to pay for their electrical service. A meter was installed by plaintiff but for some reason no readings were taken from the meter or bills rendered to defendant for a period of approximately 89 months. In or about October of 1966 the plaintiff's agents discovered the omission. Commencing with December 6, 1966 defendant was rendered regular monthly statements

and there is no dispute regarding amounts due subsequent to that time. In order to make a billing for the 89 month omission the plaintiff synthesized a monthly charge based on the average usage for a test period which ran, according to testimony, from October 4, 1966 to December 6, 1966, or, according to plaintiff's answers to interrogatories, from November 14, 1968 through December 5, 1968. The average monthly charge so derived resulted in a billing of $3797.15 and it was for this amount that suit was eventually brought.

At the trial plaintiff was permitted to introduce into evidence a chart showing the actual consumption of electricity measured through the meter in question for a period of 17 months beginning on December 6, 1966 and ending with the reading of May 6, 1968. The average billing for this period was approximately $9.00 per month in excess of the average monthly rate for which defendant was billed as a result of the three weeks (or two months) test period. The meter readings for the three weeks (or two months) test period were not put in evidence by plaintiff and were not available at the trial.

To meet the burden of proof cast upon them the plaintiff resorted to the synthesized average monthly rate of consumption described above. I see nothing inherently objectionable to this approach to the requisite proof. However, nowhere in the record is there any evidence of any nature that would establish, or tend to establish, a similarity in conditions of use or consumption of electrical power for the test period and the period of 89 months to which the average monthly rate of consumption was to be applied. This salient and fundamental factor is absent despite the fact that the attorney for the defendant pointed out to the court and plaintiff's counsel that such proof was essential in order to substantiate the claim. But notwithstanding the plaintiff later rested its case without any attempt to correlate the conditions of use existent for the test period and the billing period.

Plaintiff's case is based upon a quantum merit theory and upon proper proof being adduced they would unquestionably be entitled to recover the reasonable value of the electrical service rendered. However, where, as here, there is absolutly no proof of a similarity of conditions or character of use of electrical power for the test period and the billing period, there is no evidence upon which a judgment might be rendered. The amount of electrical consumption for a three to eight week period in or about October to December of 1968 is totally irrelevant to the average amount of electricity used for each of the 89 months prior unless it be shown that a similarity existed in the conditions or character of use for the two periods. Proof of similarity of conditions or character of use becomes all the more important when it is considered that a period of

over seven years elapsed between the time service was commenced and the test readings were made. Indeed, it was not even shown that the offices served through the unread meter were even occupied for the entirety of the 89 months. The verdict can only be termed a classic example of a verdict based on speculation, guess and conjecture.